IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

_____

| | | |
|---|---|---|
| WENDY J. JEROME, | ) | |
| | ) | |
| Plaintiff, | ) | CV-09-20-GF-SEH-RKS |
| | ) | |
| vs. | ) | |
| | ) | **FINDINGS AND** |
| MICHAEL J. ASTRUE, | ) | **RECOMMENDATIONS OF** |
| COMMISSIONER OF SOCIAL | ) | **MAGISTRATE JUDGE** |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

_____

Plaintiff, Ms. Wendy J. Jerome ("Ms. Jerome"), instituted this action to obtain judicial review of the decision of Defendant, Commissioner of Social Security ("Commissioner"), denying her application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and

Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. 1381-1383c.

Jurisdiction vests with this Court pursuant to 42 U.S.C. § 405(g). The case was referred to the undersigned to issue Findings and Recommendations by order of the Honorable Sam E. Haddon. (C.D. 7.) Venue is proper.

Now pending are the parties' cross motions for summary judgment. (C.D. 11 & 14.) The Court requested additional briefing (C.D. 18), which was submitted on October 21, 2009. (C.D. 19 & 20.) The motions are considered fully briefed and submitted.

## I. PROCEDURAL BACKGROUND

Ms. Jerome filed for DIB and SSI on April 1, 2005, alleging a disability onset date of May 16, 2004. Tr. at 127-132. Her claims were denied initially on August 4, 2005, and again after a request for reconsideration, on November 1, 2005. Id. at 124-126, 117-119. Ms. Jerome timely requested a hearing on November 16, 2005. Id. at 113-116. The hearing was held December 1, 2006. Id. at 603-653.

The Administrative Law Judge's ("ALJ") decision was issued on March 6, 2007.  Id. at 85-101.  The Appeals Council denied review on February 13, 2009, id. at 5-7, making the ALJ's March 6, 2007 findings the Commissioner's final decision for purposes of judicial review.  20 C.F.R. § 416.1481.

## II.  STANDARD OF REVIEW

Review in this case is limited. The Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error. Maounis v. Heckler, 738 F.2d 1032, 1034 (9th Cir. 1984) (citing Delgado v. Heckler, 722 F.2d 570, 572 (9th Cir. 1983)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence has also been described as "more than a mere scintilla" but "less than a preponderance."  Desrosiers v. Sec. of Health and Human Servs., 846 F.2d 573, 576 (9th Cir. 1988).

The District Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusion. Green v. Heckler, 803 F.2d 528, 530 (9th Cir. 1986) (citing Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985)). While this Court may not substitute its findings for those of the Commissioner, Palmer v. Celebrezza, 334 F.2d 306, 308 (3rd Cir. 1964), it may reject the findings not supported by the record.

### III.     BURDEN OF PROOF

A claimant is disabled for purposes of the Social Security Act if the claimant demonstrates by a preponderance of the evidence that: (1) the claimant has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment or impairments are of such severity that, considering the claimant's age, education and work experience, the claimant is not only unable to perform previous work, but also cannot "engage in any

other kind of substantial gainful work which exists in the national economy." Schneider v. Commr. of Soc. Sec. Admin., 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. §1382(a)(3)(A)-(B)).

In determining whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process. Corrao v. Shalala, 20 F.3d 943, 946 (9th Cir. 1994) (citing 42 U.S.C. § 1382C(a)(3)). If the Commissioner finds that a claimant is disabled or not disabled at any step in this process, the review process is terminated. Id. at 946. At step one, the claimant must show she is not currently engaged in substantial gainful activity. Id. At step two, the claimant must demonstrate that she has a severe impairment. Id. At step three, the ALJ must determine whether a claimant's impairment meets or equals the criteria of the Listing of Impairments. Step four provides that if the claimant does not have a listed impairment, the claimant must establish a prima facie case of disability by showing an inability to engage in past work because of the medical

impairments. Id. If that case is made, at step five the burden shifts to the Commissioner to prove the claimant can engage in other types of substantial gainful work existing in the national economy given the claimant's age, education, work experience and residual functional capacity ("RFC"). Jones, 760 F.2d at 995.

**IV. DISCUSSION**

The ALJ found Ms. Jerome was not disabled during the relevant period for the purposes of Social Security because despite her limitations, her RFC allowed her to perform her past work as a customer service representative.

Ms. Jerome argues the ALJ erred to her prejudice when he 1) disregarded the opinions of her treating physicians and ignored medical evidence of severe conditions and limitations due to stenosis at C5-6 and cervical myelopathy, 2) found her not entirely credible, and 3) relied on an unsupported hypothetical during the vocational expert's testimony. Pltf.'s br. at 7, 19.

The Commissioner argues that substantial evidence supports all the ALJ's determinations.

### A. Treating Physician Opinions and Medical Evidence

Ms. Jerome argues that the ALJ ignored the opinions of her treating physicians regarding her physical limitations, including "diffuse right paresthesias in the right arm to pin prick, significant stenosis at C5-6, cervical myelopathy secondary to cervical spondylitic disease and stress incontinence." Id. at 12. She also argues the ALJ ignored her fatigue. Id. at 14.

Ms. Jerome argues the ALJ ignored the finding of Dr. VanGilder regarding Ms. Jerome's need for surgery to "reduce her symptoms and increase arm function as well as to reduce the risk of spinal cord injury secondary to the significant amount of stenosis Wendy had." Pltf.'s br. at 12. It is true the ALJ ignored this finding, but that is because Dr. VanGilder saw Ms. Jerome in September 2007, 6 months *after* the ALJ's decision was issued. Tr. at 13, 85.

The ALJ should have the opportunity to consider this information, See Vasquez v. Astrue, 572 F.3d 586 (9th Cir. 2009), and to determine whether it impacts his previous findings.

Next, Ms. Jerome argues the ALJ ignored her fatigue. The ALJ acknowledged Mr. Jerome's fatigue, but found her not entirely credible regarding fatigue. See discussion under subsection B below. However, again, many of the citations Ms. Jerome provides that reference her fatigue are dated *after* the ALJ's decision was issued. Tr. at 538-539, 543-546. The ALJ should have the opportunity to consider these records, Vasquez, supra, and to determine whether they impact his previous findings.

Finally, regarding stress incontinence, Ms. Jerome points to no evidence in the record to support her allegation that stress incontinence was a severe impairment. The burden is on Ms. Jerome to show she has a severe impairment. Corrao, 20 F.3d at 946.

In conclusion, because the ALJ did not have many of the medical records regarding Ms. Jerome's cervial

limitations and fatigue, the case should be remanded for the ALJ to consider those records. The new records in the context of the entire record may impact the ALJ's disability determination.

### B. Ms. Jerome's Credibility

Ms. Jerome argues the ALJ erred in finding her not entirely credible regarding her pain and fatigue testimony. Pltf.'s br. at 16.

Because this case will be recommended for remand for new findings as stated above, the ALJ should consider the new medical records, such as tr. at 538-539, 543-546, and whether they impact his previous finding that Ms. Jerome was not entirely credible. Vasquez, supra.

### C. Vocational Expert's Testimony

Finally, Ms. Jerome argues the ALJ erred by accepting the vocational expert's ("VE") testimony that Ms. Jerome could perform her past work. She argues the only hypothetical which included all Ms. Jerome's limitations precluded full-time work.

Pltf.'s br. at 19.

Because this case is recommended for remand, new VE testimony may be necessary if the ALJ changes or further limits Ms. Jerome's RFC. It should be left to the ALJ to determine if new or further VE testimony is necessary.

### V. CONCLUSION

This case should be remanded to the ALJ for consideration of medical records regarding Ms. Jerome's cervical limitations, fatigue, and pain submitted after the March 6, 2007 decision that are within the relevant time period.

Therefore, **IT IS HEREBY RECOMMENDED** that:

1. Ms. Jerome's Motion for Summary Judgment (C.D. 11) should be **GRANTED in part and DENIED in part**;

2. the Commissioner's Motion for Summary Judgment (C.D. 14) should be **GRANTED in part and DENIED in part**;

3. the case should be **REMANDED** for new findings

consistent with this Order.

## VI. NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 12th day of November, 2009.

>	/s/ Keith Strong
>	Keith Strong
>	United States Magistrate Judge